IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK SANNOH,** <br> **Plaintiff,** <br><br> v. <br><br> **HORIZON HOUSE, INC.,** <br> **Defendant.** | **CIVIL ACTION** <br><br><br><br> **NO. 16-5233** |

**MEMORANDUM OPINION**

The question before the Court is whether Defendant Horizon House, Inc.'s ("Horizon") firing of Plaintiff Frank Sannoh, a Liberian-American who was 51 years old at the time he was terminated, was in retaliation for his retaining an attorney to explore suing Horizon and to represent him in the grievance process that followed. His retaliation suit is brought pursuant to Title VII of the Civil Rights Act of 1968 ("Title VII"), 42 U.S.C. § 2000e *et seq*; the Civil Rights Act of 1866 and the Civil Rights of 1870, as amended 42 U.S.C. § 1981 ("§ 1981"); the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*.[1]; and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. § 951 *et seq*. Defendant has moved for summary judgment on all of Plaintiff's retaliation claims.[2] The motion shall be granted in full.

**I.     LEGAL STANDARD**

"[S]ummary judgment is appropriate where there is 'no genuine dispute of material fact' and the moving party is 'entitled to judgment as a matter of law.'" *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010) (quoting Fed. R. Civ. P. 56(c)). "A genuine issue is present when a

---

[1] The Complaint does not explicitly cite to the ADEA. However, Plaintiff attached to the Complaint a Notice of Right to Sue from the United States Equal Employment Opportunity Commission authorizing suit under the ADEA. Accordingly, the Court shall construe the Complaint as including an ADEA retaliation claim.

[2] Plaintiff's Complaint also asserts claims for national origin discrimination and age discrimination. However, the parties have stipulated to dismissal of these claims.

reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 242, 248-52 (1986)). "The non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe*, 480 F.3d at 256 (citing *Celotex*, 477 U.S. at 322-26). In ruling on a motion for summary judgment, a court must "view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013).

## II. FACTS

Plaintiff's job as a Residential Advisor at Horizon required that each year he attend "Infectious Disease Control" ("IDC") training. All parties agree that, up until 2015, he completed the training but in that year he did not. Plaintiff admits that it was his responsibility to get the training but maintains that, in 2015, he did not receive timely notice of the training. In late March of 2015, Horizon sent Plaintiff a letter notifying him that because he had not completed the required IDC training, he would be placed on unpaid suspension starting on March 31, 2015. The letter went on to state that if Plaintiff did not complete the training within five days, Horizon would conclude that he had voluntarily resigned and his position would be "discontinued." Plaintiff says he did not receive the letter until after the time for compliance had passed. Nevertheless, on April 13, 2015, Horizon sent him a letter again outlining his failure to complete the training and accepting his "voluntary resignation" effective April 8, 2015.

Plaintiff then retained counsel who sent a letter to Horizon dated April 17, 2015 asserting that Plaintiff was part of a protected class under Title VII and that he was accordingly "entitled

2

to an investigation." The letter sought Plaintiff's reinstatement and raised the issue of whether Horizon had provided Plaintiff with adequate notice about the need to attend IDC training. The letter added, "All of your actions on their face, although harsh, appear to be permissible under employment law. However, in my mind they appear a little heartless."

On April 20, 2015, Horizon mailed to Plaintiff a document titled "Grievance Process (When Problems Arise)," which contained a description of the internal procedure for reviewing employee complaints. A cover letter described the process as confidential, which meant that "external parties" were not permitted to participate. Days later, Plaintiff's counsel e-mailed Defendant, acknowledging that "there [was] a process involved in grieving," but again seeking Plaintiff's reinstatement.

On April 29, 2015, Horizon sent Plaintiff a letter informing him that it had received his attorney's letter; reminding him of the "formal grievance process"; and noting, again, that the process "[did] not permit external parties to participate." The letter concluded that, given the Plaintiff's "decision to not follow [Defendant's] grievance process and to retain counsel, [Defendant] will consider this grievance closed." Both Plaintiff and his attorney informed Horizon that Plaintiff was willing to participate in the grievance process without the involvement of any third parties. However, on May 8, 2015, counsel for Horizon informed counsel for Plaintiff that the grievance process would remain closed.

## III. LEGAL ANALYSIS

Title VII's anti-retaliation provision prohibits employer actions that "discriminate against" an employee because he has "opposed any practice made an unlawful employment practice" under Title VII, or because he has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a);

3

*Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006). Plaintiff contends that he engaged in protected conduct by retaining counsel to both assist him during the grievance process and prosecute potential Title VII claims due to his unpaid suspension and discharge from employment. According to Plaintiff, Defendant retaliated against Plaintiff's threat of filing a Title VII suit by depriving him of the grievance process.

Retaliation claims under Title VII, Section 1981, ADEA, and PHRA are analyzed under the *McDonnell Douglas* burden-shifting framework. *Castleberry v. STI Group*, 863 F.3d 259, 263 (3d Cir. 2017) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)) (Section 1981); *Daniels v. School Dist. of Philadelphia*, 776 F.3d 181, 193 (3d Cir. 2015) (Title VII, ADEA, and PHRA). Here, the Court need not go through the entire burden-shifting process because the record does not contain any evidence that Sannoh engaged in "protected employee activity".[3]

"Protected activity" for a retaliation claim includes "not only an employee's filing of formal charges of discrimination against an employer but also informal protests of discriminatory employment practices, including making complaints to management." *Id.* (internal quotation marks omitted). The plaintiff's "complaint must allege that [his] opposition was to discrimination based on a protected category, such as age or race." *Id.* Notably, to satisfy the "protected activity" requirement, a plaintiff must have an "objectively reasonable belief that the activity the plaintiff opposed constituted unlawful discrimination under the relevant statute." *Id.* at 193-94. While a plaintiff "need not prove the merits of the underlying discrimination

---

[3] The second and third prongs of Plaintiff's prima facie case are that his employer took adverse action "either after or contemporaneous with [his] protected activity" and the protected activity caused the employer's adverse action. *Daniels*, 776 F.3d at 193. If Plaintiff is able to establish this to be the case, the *McDonnell Douglas* shifts the burden of production of evidence to the employer to present a legitimate, non-retaliatory reason for having taken the adverse action. *Id.* If such a reason is provided, the burden shifts back to the plaintiff to demonstrate that the employer's proffered explanation was false, and that retaliation was the real reason for the adverse employment action." *Id*.

4

complaint," he must "have act[ed] under a good faith, reasonable belief that a violation existed." *Id.* at 193.

Viewed in the light most favorable to Plaintiff, the facts addressed by Plaintiff fail to establish that he engaged in "protected activity." Specifically, he has not pointed to any record evidence in support of an "objectively reasonable belief" that Horizon engaged in unlawful discrimination when it placed him on unpaid suspension and later discharged him. *See id.* at 193-94. Although Plaintiff testified that his unpaid suspension may have been due to age or national origin discrimination, the record contains no facts to support his suspicions. Indeed, Plaintiff's counsel seemed to recognize that this was the case in his April 17, 2015 letter to Horizon in which he wrote that while Plaintiff was "in a protected class . . . under Title VII," Plaintiff's dismissal was unfair because he did not receive advance notice of the IDC training—not because of unlawful discrimination.[4] Plaintiff's counsel added that Defendant's "actions on their face . . . appear to be permissible under employment law." Sannoh's counsel is correct. Although Sannoh may fervently believe that Horizon's actions violated his employment rights, he has failed to marshal or refer to any evidence to support a belief that his initial unpaid suspension or discharge was due to unlawful discrimination. *See Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n.12 (3d Cir. 1990) (noting that "an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment."). Thus, Plaintiff lacked an objectively reasonable belief that he was discriminated against based on a protected category. In the absence of such belief, Plaintiff could not have engaged in "protected activity." *See Daniels*, 776 F.3d at 194 (holding that plaintiff's subjective

---

[4] Whether Plaintiff received sufficient notice is immaterial. Even if he lacked notice of the IDC training, Plaintiff does not explain how the unfairness of defective notice is relevant to his retaliation claims. *See Barber v. CSX Distribution Svcs.*, 68 F.3d 694, 702 (3d Cir. 1995) ("A general complaint of unfair treatment does not translate into a charge of illegal *age* discrimination" for ADEA retaliation claim).

5

belief that employer violated ADEA does not qualify as protected activity).  Accordingly, Plaintiff cannot support his retaliation claims and Horizon's motion for summary judgment shall be granted in full.

An appropriate order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**